## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-cv- |
| | ) | |
| CVS PHAMARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a foreign | ) | (Cook County No. 2017 L 013330) |
| limited liability corporation, CVS CAREMARK | ) | |
| ADVANCED TECHNOLOGY PHARMACY, | ) | |
| LLC, a domestic limited liability company, CVS | ) | |
| CAREMARK CORPORATION, a foreign | ) | |
| corporation, HIGHLAND PARK CVS, LLC, a | ) | |
| domestic limited liability company, and CVS | ) | |
| HEALTH CORPORATION, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL
### PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

These Defendants, HIGHLAND PARK CVS, LLC, incorrectly sued as CVS PHARMACY, INC., CAREMARK PHC, LLC, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, CVS CAREMARK CORPORATION and CVS HEALTH CORPORATION by and through its attorneys, DAVID C. HALL, APRIL R. WALKUP and MICHAEL J. CEDEROTH of HALL PRANGLE & SCHOONVELD, LLC, hereby give notice that this action has been removed from the Circuit Court of Cook County in the State of Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support of their removal states as follows:

## I.   **Introduction**

1.   On December 29, 2017, Plaintiff, Bridget Crantz, filed a Complaint in the Law Division of the Circuit Court of Cook County, City of Chicago, State of Illinois styled *Bridget Crantz v. CVS Phamracy, Inc., a foreign corporation, Caremark PHS, LLC, a foreign limited liability company, CVS Caremark Advanced Technology Pharmacy, LLC, a domestic limited liability company, CVS Caremark Corporation, a foreign corporation, Highland Park CVS, LLC, a domestic limited liability company, and CVS Health Corporation, a foreign corporation,* Case No. 2017 L 013330 (the "State Court Action").   A copy of the Complaint, with exhibits, is attached hereto as **Exhibit A.**

2.   Highland Park CVS, LLC, was served with the summons and Complaint on January 4, 2018. See Exhibit A.

3.   The Complaint contains 24 counts with four identical counts directed against each of the six defendants. Of the four counts directed against Highland Park CVS, LLC, Count XVII alleges negligence, Count XVIII, alleges fraudulent misrepresentation, Count XIX alleges fraudulent misrepresentation pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/02 and Count XX alleges willful and wanton misconduct. The Plaintiff's claims are based on her contention that Highland Park CVS, LLC failed to properly fill and label the Plaintiff's prescription and, thereby caused her to suffer "damages of a personal pecuniary and permanent nature." **Exhibit A,** Counts, XVII-XX.

## II.   **Grounds for Removal**

4.   This case is properly removable pursuant to 28 U.S.C. §1441, which provides in pertinent part as follows:

> (a) **Generally.** – Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the

2

United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) **Removal based on diversity of citizenship. -- (1)** In determining whether a civil a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

5.     This action is properly removable under 28 U.S.C. §1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. §1332(a), as amended, which provides in pertinent part as follows:

(a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
(1)     Citizens of different States....

(c)     For the purposes of this section and section 1441 of this title –
(1)     A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business....

**A.     Citizenship of the Parties**

6.     There is complete diversity of citizenship between the Plaintiff and Defendants in this action.

7.     It is believed that Plaintiff is a resident of the City of Chicago, County of Cook, and State of Illinois.

8.     Defendant CVS Pharmacy, Inc., is a Delaware corporation with its principal place of business located in the State of Rhode Island.   Therefore, diversity exists for purposes of removal.

3

9.     Defendant Highland Park CVS, LLC, is not a citizen of Illinois. Although Highland Park CVS, LLC is an Illinois limited liability company, its sole member, CVS Pharmacy, Inc., has its principle place of business and therefore residence in Rhode Island. As such, for purposes of removal, Highland Park CVS, LLC, is a Rhode Island resident and foreign corporation. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

10.     Defendant Caremark PHC, LLC is a not real entity or proper party to this matter. For the purposes of removal it is properly named Caremark Rx, LLC and it is not a citizen of Illinois. Caremark Rx, LLC is a limited liability corporation and its sole member, CVS Pharmacy, Inc., has its principle place of business and therefore residence in Rhode Island. As such, for purposes of removal, Caremark Rx, LLC, is a Rhode Island resident and foreign corporation. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

11.     Defendant CVS Caremark Advanced Technology Pharmacy, LLC is not a real entity or proper party. For the purposes of removal it is properly named Caremark Rx, LLC and it is not a citizen of Illinois. Caremark Rx, LLC is an limited liability company and its sole member, CVS Pharmacy, Inc., has its principle place of business and therefore residence in Rhode Island. As such, for purposes of removal, Caremark Rx, LLC, is a Rhode Island resident and foreign corporation. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

12.     Service has not been properly affected upon Defendant CVS Caremark Corporation and Defendant CVS Health Corporation at the time of the filing of this removal.

13.     However, even if service is effectuated, Defendant CVS Caremark Corporation is not a citizen of Illinois. It is a Delaware Corporation with its principle place of business located in the State of Rhode Island. Therefore, diversity exists for the purposes of removal.

14.     Furthermore, Defendant CVS Health Corporation is not a proper party and is not a citizen of Illinois. It is a Delaware Corporation with its principle place of business located in the State of Rhode Island. Therefore, diversity exists for the purposes of removal.

15.     Plaintiff is a citizen of Illinois and the Defendants are not, therefore, complete diversity of citizenship exists under 28 U.S.C. §1332.

**B.     Amount in Controversy**

16.     The amount in controversy in the present action will exceed the $75,000 jurisdiction threshold.   Plaintiff's Complaint at Law asserts damages in excess of $50,000 plus the costs of this suit.  Furthermore, the Plaintiff has alleged that she has suffered "damages of a personal, pecuniary and permanent nature." **Exhibit A**, Count, XVII-XX.

17.     Accordingly, the Defendants state in its good faith belief that the jurisdiction amount in this matter is met, and the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.

**III.     Adoption and Reservation of Defenses**

18.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of the Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; or (7) any other pertinent defense available under Illinois Supreme Court Rules, Fed. R. Civ. P. 12, and any state or federal statute.

IV.     **Procedural Requirements**

19.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

20.     True and correct copies of "all process, pleadings, and orders" served upon Highland Park CVS, LLC to date are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendants to date in this case.

21.     Plaintiff filed this lawsuit on December 29, 2017. Defendant was served with the Summons and Complaint on January 4, 2018. Defendant's Notice of Removal is filed within thirty (30) days of service of the Summons. Accordingly, this notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

22.     Defendants have heretofore sought no similar relief.

23.     The United States District Court for Northern Illinois, Eastern Division, is the court and division embracing the place where this action is pending in state court.

24.     Contemporaneously with the filing of this notice of removal, Defendants are filing a copy of the same with the clerk of the Circuit Court of Cook County, Illinois, and a notice of filing the notice of removal. Written notice of the filing of this notice of removal has also been served upon Plaintiff.

25.     Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

WHEREFORE, these Defendants, HIGHLAND PARK CVS, LLC, incorrectly sued as CVS PHARMACY, INC., CAREMARK PHC, LLC, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, CVS CAREMARK CORPORATION and CVS

6

HEALTH CORPORATION, hereby gives notice that the matter captioned *Bridget Crantz v. CVS Phamracy, Inc., a foreign corporation, Caremark PHC, LLC, a foreign limitied liability company, CVS Caremark Advanced Technology Pharmacy, LLC, a domestic limited liability company, CVS Caremark Corporation, a foreign corporation, Highland Park CVS, LLC, a domestic limited liability company, and CVS Health Corporation, a foreign corporation*, Case No. 2017 L 013330, filed in the Circuit Court of Cook Count in the State of Illinois, is removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

/s/Michael J. Cederoth
One of the Attorneys for Defendants
HIGHLAND PARK CVS, LLC

David C. Hall (dhall@hpslaw.com); 6185406
April R. Walkup (awalkup@hpslaw.com); 6238306
Michael J. Cederoth (mcederoth@hpslaw.com; 6326688
HALL PRANGLE & SCHOONVELD, LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
312-345-9600 | Phone
312-345-9608 | Fax

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/04/2018
CT Log Number 532565580

**TO:** Serviceof Process
CVS Health Companies
1 Cvs Dr Mail Code 1160
Woonsocket, RI 02895-6146

**RE:** **Process Served in Illinois**

**FOR:** Highland Park CVS, L.L.C.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRIDGET CRANTZ, PLTF. vs. HIGHLAND PARK CVS, LLC, ET AL., DFTS.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | SUMMONS(S), COMPLAINT, AFFIDAVIT, ATTACHMENT(S) |
| **COURT/AGENCY:** | COOK COUNTY CIRCUIT COURT, IL<br>Case # 2017L013330 |
| **NATURE OF ACTION:** | Medical Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/04/2018 at 11:00 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 DAYS |
| **ATTORNEY(S) / SENDER(S):** | JOHN K. VRDOLYAK<br>VRDOLYAK LAW GROUP<br>740 N. DEARBORN ST.<br>CHICAGO, IL 60654<br>312-482-8200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/04/2018, Expected Purge Date: 01/09/2018<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  Service_of_Process@cvs.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / VN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (01/25/17) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

BRIDGET CRANTZ
_____
(Name all parties)
v.

HIGHLAND PARK CVS, LLC, et al.
_____

No. 2017L013330
CALENDAR/ROOM X
TIME 00:00
Medical Malpractice

## ⊙ SUMMONS ○ ALIAS SUMMONS

To each Defendant: Highland Park CVS, LLC  R/A: CT Corporation System
208 S. LaSalle St., Suite 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602
☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
   5600 Old Orchard Rd.         2121 Euclid                       1500 Maybrook Dr.
   Skokie, IL 60077             Rolling Meadows, IL 60008         Maywood, IL 60153
☐ District 5 - Bridgeview     ☐ District 6 - Markham 16501        ☐ Child Support: 50 W.
   10220 S. 76th Ave.           S. Kedzie Pkwy. Markham,          Washington, LL-01,
   Bridgeview, IL 60455         IL 60428                          Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

## IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 41535
Name: VRDOLYAK LAW GROUP, LLC/JOHN K. VRDOLYAK
Atty. for: PLAINTIFF
Address: 741 N. DEARBORN ST.
City/State/Zip Code: CHICAGO, IL 60654
Telephone: 312-482-8200
Primary Email: vberrios@vrdolyak.com
Secondary Email: jvrdolyak@vrdolyak.com
Tertiary Email:_____

Witness: _____ DEC 29 2017

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)
DOROTHY BROWN
CLERK OF CIRCUIT COURT
**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



**DIE DATE**
01/22/2018

DOC.TYPE:    LAW
CASE NUMBER:   17L013330
**DEFENDANT**
HIGHLAND PARK CVS LLC
208 S LASALLE ST
CICAGO, IL 60604
814

**SERVICE INF**
RM 801   RA

**ATTACHED**

2120 - Served                    2121 - Served
2220 - Not Served                2221 - Not Served
2320 - Served By Mail            2321 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
Summons - Alias Summons                                          ‑(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

BRIDGET CRANTZ
_____
                    (Name all parties)

v.                                              No._____ 2017L013330
                                                CALENDAR/ROOM X
HIGHLAND PARK CVS, LLC, et al.                  TIME 00:00
_____                  Medical Malpractice

### ☉ SUMMONS ☐ ALIAS SUMMONS

To each Defendant: Highland Park CVS, LLC   R/A: CT Corporation System
                   208 S. LaSalle St., Suite 814, Chicago, IL 60604
        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
following location:
   ☑ Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602
   ☐ District 2 - Skokie        ☐ District 3 - Rolling Meadows    ☐ District 4 - Maywood
     5600 Old Orchard Rd.          2121 Euclid                       1500 Maybrook Dr.
     Skokie, IL 60077              Rolling Meadows, IL 60008          Maywood, IL 60153
   ☐ District 5 - Bridgeview    ☐ District 6 - Markham 16501       ☐ Child Support: 50 W.
     10220 S. 76th Ave.            S. Kedzie Pkwy. Markham,           Washington, LL-01,
     Bridgeview, IL 60455          IL 60428                          Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

## IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:
This Summons must be returned by the officer or other person to whom it was given for service, with endorsement
of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so
endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 41535_____        Witness:_____
Name: VRDOLYAK LAW GROUP, LLC/JOHN K. VRDOLYAK          DOROTHY BROWN DEC 29 2017
Atty. for: PLAINTIFF_____        _____
Address: 741 N. DEARBORN ST._____        DOROTHY BROWN, Clerk of Court
City/State/Zip Code: CHICAGO, IL 60654     Date of Service:_____
Telephone: 312-482-8200_____        (To be inserted by officer on copy left with Defendant or other person)
Primary Email: vberrios@vrdolyak.com
Secondary Email: jvrdolyak@vrdolyak.com    **Service by Facsimile Transmission will be accepted at:
Tertiary Email:_____          _____
                                           (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1



**DIE DATE**
**01/22/2018**

DOC.TYPE:    LAW
CASE NUMBER:    17L013330
DEFENDANT
HIGHLAND PARK CVS LLC
208 S LASALLE ST
CICAGO, IL 60604
814

**SERVICE INF**
RM 801    RA

**ATTACHED**

RM0069:JKV:gvs                                              Atty. No. 41535

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | Return Date: |
| liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | 2017L013330 |
| HIGHLAND PARK CVS, LLC, a domestic | ) | CALENDAR/ROOM X |
| limited liability company, and CVS HEALTH | ) | TIME 00:00 |
| CORPORATION, a foreign corporation, | ) | Medical Malpractice |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIDGET CRANTZ, by and through her attorneys, THE

VRDOLYAK LAW GROUP, LLC, by JOHN K. VRDOLYAK, and complaining of the

Defendants, CVS PHARMACY, INC., a foreign corporation, CAREMARK PHC, L.L.C., a

foreign limited liability company, CVS CAREMARK ADVANCED TECHNOLOGY

PHARMACY, LLC, a domestic limited liability company, CVS CAREMARK

CORPORATION, a foreign corporation, HIGHLAND PARK CVS, L.L.C., a domestic limited

liability company, and CVS HEALTH CORPORATION, a foreign corporation, states as

follows:

## COUNT I – BRIDGET CRANTZ v. CVS PHARMACY, INC.

1.     On and before October 8, 2015, the Plaintiff had a known medical history of severe

depression and anxiety.

1

2.     On or about October 8, 2015, and at all relevant times herein, the Defendant, CVS PHARMACY, INC., was a foreign corporation, licensed to do business and existing under the laws of the State of Illinois, (hereinafter "CVS").

3.     At the aforesaid time, and all relevant times herein, Defendant, CVS, controlled, maintained, managed, owned and operated a certain drug store located at 2360 West Indian Trail, City of Aurora, County of Kane, and State of Illinois.

4.     At the aforesaid time, and all relevant times herein, CVS, sold prescription medication to customers such as the Plaintiff at said store.

5.     At the aforesaid time and place, CVS invited and allowed the Plaintiff to purchase her prescription medication from said store.

6.     That on October 8, 2015, Plaintiff had been prescribed Alprazolam ER (extended-release) 1 mg tablet 1 tab 1 time a day.

7.     At the aforesaid time and place, the Defendant, by and through its agents and employees, ostensibly filled the aforesaid prescription, sold it to the Plaintiff, and allowed the Plaintiff to take possession of it.

8.     Unbeknownst to the Plaintiff, the Defendant had filled aforementioned prescription with a mixture of 5 1 mg Alprazolam ER tablets, and 25 quick-release Alprazolam tablets in a bottle labeled Alprazolam ER, with instructions to take 1 tab 1 time a day.

9.     That at the time the mislabeled prescription was sold and provided to the Plaintiff, the Defendant, by and through its agents, knew or should have known that the failure to properly label medication posed an unreasonable risk of harm to its customers including the Plaintiff.

10.    After receiving the prescription, the Plaintiff took the aforesaid prescription medication as instructed on the bottle one tab one time a day for a period of approximately one week.

2

11.    That at the aforesaid time, the Plaintiff was only taking one tablet of standard quick-release Alprazolam per day, when in reality she needed to be taking one tablet of extended-release Alprazolam per day. Thus, she was insufficiently medicated during this period.

12.    As a direct and proximate result of taking the wrong dosage of her medication for a period of approximately one week as described herein, Plaintiff fell ill, and developed severe anxiety and depression which culminated in her admission to an inpatient mental health ward on October 19, 2015.

13.    At the aforesaid time and place, Defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, properly labeling the prescription medication it sells in order to guard against foreseeable injuries to third parties.

14.    At the aforesaid time and place, the Defendant negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts or omissions:

    (a)    The Defendant distributed through its agent/employee, improperly labeled medication, which was the proximate cause of injuries to the Plaintiff;

    (b)    The Defendant failed to inform the Plaintiff that it had mislabeled her prescription;

    (c)    The Defendant failed to warn the Plaintiff of the dangers of failing to take the correct medication as prescribed by her physician;

    (d)    The Defendant failed to have sufficient policies and procedures in place to insure the prescription medicine that it sold to the Plaintiff was properly labeled; and/or

    (e)    The Defendant failed to follow its policies and procedures regarding labeling of prescription medication;

3

(f)     The Defendant instituted prescription quotas, and employed untrained pharmacy technicians, causing accuracy and patient health to be sacrificed in favor of cost savings and shorter wait times.

15.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions by the Defendant CVS PHARMACY, INC., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff BRIDGET CRANTZ, demands judgment against Defendant CVS PHARMACY, INC., for a sum greater than Fifty Thousand ($50,000.00) Dollars plus costs of this suit.

## COUNT II – BRIDGET CRANTZ v. CVS PHARMACY, INC.
### Fraudulent Misrepresentation

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.     Defendant made false statements, intentionally committed fraud, and conspired to hide the truth regarding the true contents of Plaintiff's prescription, as well as the possible risks and health complications that could arise from taking said mislabeled prescription.

17.     Defendant's knowingly and purposely made false and fraudulent representations, directly or indirectly to Plaintiff including but not limited to the fact that her prescription, filled on October 8, 2015, contained 30 1 mg tablets of Alprazolam ER.

18.     At aforesaid time, and at all times relevant herein, Defendant knew that taking the mislabeled prescription as indicated would result in serious medical complications.

19.     That Defendant intentionally and/or recklessly failed to disclose this information to Plaintiff, with the intent to deceive Plaintiff and induce her to take said mislabeled prescription, with the intent that Plaintiff would rely on said misrepresentation.

4

20.     At the aforementioned time, and at all relevant times herein, Plaintiff was unaware that her prescription did not contain the correct medication, and in fact justifiably relied on Defendants misrepresentation that the prescription contained 30 1 mg tablets of Alprazolam ER.

21.     That such misrepresentation was material to Plaintiff's decision to take the prescription she received from Defendant on October 8, 2015, and Plaintiff would not have done so had she known the prescription contained the wrong medication.

22.     That at the aforesaid time, and all times relevant hereto, Plaintiff did not know and could not have known through the exercise of reasonable care that she was exposing herself to the wrong medication, thereby exposing herself to serious medical complications.

23.     That Plaintiff's reliance on Defendant's representation was justified because the Defendant was in a special fiduciary relationship with Plaintiff as one of her healthcare providers.

24.     That aforesaid conduct of Defendant demonstrates willful and malicious or intentionally fraudulent conduct, which manifest a knowing and reckless indifference toward, and a disregard of, Plaintiff's well-being.

25.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant CVS PHARMACY, INC., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT III – BRIDGET CRANTZ v. CVS PHARMACY, INC.
### Fradulent Misrepresentation Pursuant to the Consumer Fraud and Deceptive Business Practices Act

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

5

16.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2

provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of
> any deception fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or omission of
> any material fact, with intent that others rely upon the
> concealment, suppression or omission of such material fact, or the
> use or employment of any practice described in Section 2 of the
> "Uniform Deceptive Trade Practices Act", approved August 5,
> 1965, in the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled, deceived or
> damaged thereby. In construing this section consideration shall be
> given to the interpretations of the Federal Trade Commission and
> the federal courts relating to Section 5 (a) of the Federal Trade
> Commission Act.

17.     Defendant's actions resulted in fraudulent misrepresentation pursuant to the Consumer

Fraud and Deceptive Business Practices Act, codified under 815 ILCS 505.

18.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless,

and/or intentional acts and/or omissions by the Defendant CVS PHARMACY, INC., the Plaintiff

BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent

nature.

## COUNT IV – BRIDGET CRANTZ v. CVS PHARMACY, INC.
### Willful and Wanton Misconduct

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation

contained in the above paragraphs and further alleges:

16.     It was the duty of the Defendant to refrain from willful and wanton misconduct which

endangered the safety and health of the Plaintiff.

6

17.     Notwithstanding the Defendants' duty to refrain from willful and wanton misconduct, Defendant acted with an utter indifference and conscious disregard for the safety and health of Plaintiff in one or more of the following ways:

    a.    Willfully and wantonly made false statements and impressions regarding the contents of Plaintiff's prescription;

    b.    Willfully and wantonly committed fraud regarding the safety, expected and known health impairments that could result from taking the wrong prescription medication; and

    c.    Willfully and wantonly filled the Plaintiff's prescription with the incorrect medication.

18.     That the Defendant made said misrepresentations regarding the contents of Plaintiff's prescription intentionally and with intent to deceive Plaintiff into believing her prescription in fact contained 30 1 mg tablets of Alprazolam ER, with the intent that Plaintiff would rely on said misrepresentations.

19.     That Plaintiff did in fact reasonably rely on said misrepresentations, and that such information was material to Plaintiff's decision to take the mislabeled prescription.

20.     That aforesaid conduct of Defendant demonstrates willful, wanton, malicious and intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, Plaintiff's rights.

21.     That at all times material hereto, Plaintiff did not know, and could not have known with the exercise of reasonable care, that she was taking the incorrect medication thus exposing herself to risk of serious harm, due to Defendant's willful, wanton, and fraudulent misrepresentation.

22.     As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions by the Defendant CVS PHARMACY, INC., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT V – BRIDGET CRANTZ v. CAREMARK PHC, LLC

1.      On and before October 8, 2015, the Plaintiff had a known medical history of severe depression and anxiety.

2.      On or about October 8, 2015, and at all relevant times herein, the Defendant, CAREMARK PHC, LLC, was a foreign limited liability company, licensed to do business and existing under the laws of the State of Illinois, (hereinafter "CAREMARK").

3.      At the aforesaid time, and all relevant times herein, Defendant, CAREMARK, controlled, maintained, managed, owned and operated a certain drug store located at 2360 West Indian Trail, City of Aurora, County of Kane, and State of Illinois.

4.      At the aforesaid time, and all relevant times herein, CAREMARK, sold prescription medication to customers such as the Plaintiff at said store.

5.      At the aforesaid time and place, CAREMARK invited and allowed the Plaintiff to purchase her prescription medication from said store.

6.      That on October 8, 2015, Plaintiff had been prescribed Alprazolam ER (extended-release) 1 mg tablet 1 tab 1 time a day.

7.      At the aforesaid time and place, the Defendant, by and through its agents and employees, ostensibly filled the aforesaid prescription, sold it to the Plaintiff, and allowed the Plaintiff to take possession of it.

8.      Unbeknownst to the Plaintiff, the Defendant had filled aforementioned prescription with a mixture of 5 1 mg Alprazolam ER tablets, and 25 quick-release Alprazolam tablets in a bottle

8

labeled Alprazolam ER, with instructions to take 1 tab 1 time a day.

9.     That at the time the mislabeled prescription was sold and provided to the Plaintiff, the Defendant, by and through its agents, knew or should have known that the failure to properly label medication posed an unreasonable risk of harm to its customers including the Plaintiff.

10.     After receiving the prescription, the Plaintiff took the aforesaid prescription medication as instructed on the bottle one tab one time a day for a period of approximately one week.

11.     That at the aforesaid time, the Plaintiff was only taking one tablet of standard quick-release Alprazolam per day, when in reality she needed to be taking one tablet of extended-release Alprazolam per day. Thus, she was insufficiently medicated during this period.

12.     As a direct and proximate result of taking the wrong dosage of her medication for a period of approximately one week as described herein, Plaintiff fell ill, and developed severe anxiety and depression which culminated in her admission to an inpatient mental health ward on October 19, 2015.

13.     At the aforesaid time and place, Defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, properly labeling the prescription medication it sells in order to guard against foreseeable injuries to third parties.

14.     At the aforesaid time and place, the Defendant negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts or omissions:

      (a)     The Defendant distributed through its agent/employee, improperly labeled medication, which was the proximate cause of injuries to the Plaintiff;

      (b)     The Defendant failed to inform the Plaintiff that it had mislabeled her prescription;

9

(c) The Defendant failed to warn the Plaintiff of the dangers of failing to take the correct medication as prescribed by her physician;

(d) The Defendant failed to have sufficient policies and procedures in place to insure the prescription medicine that it sold to the Plaintiff was properly labeled; and/or

(e) The Defendant failed to follow its policies and procedures regarding labeling of prescription medication;

(f) The Defendant instituted prescription quotas, and employed untrained pharmacy technicians, causing accuracy and patient health to be sacrificed in favor of cost savings and shorter wait times.

15. As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions by the Defendant CAREMARK PHC, LLC, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff BRIDGET CRANTZ, demands judgment against Defendant CAREMARK PHC, LLC, for a sum greater than Fifty Thousand ($50,000.00) Dollars plus costs of this suit.

## COUNT VI – BRIDGET CRANTZ v. CAREMARK PHC, LLC.
### Fraudulent Misrepresentation

1-15. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16. Defendant made false statements, intentionally committed fraud, and conspired to hide the truth regarding the true contents of Plaintiff's prescription, as well as the possible risks and health complications that could arise from taking said mislabeled prescription.

17. Defendant's knowingly and purposely made false and fraudulent representations, directly or indirectly to Plaintiff including but not limited to the fact that her prescription, filled on October 8, 2015, contained 30 1 mg tablets of Alprazolam ER.

10

18. At aforesaid time, and at all times relevant herein, Defendant knew that taking the mislabeled prescription as indicated would result in serious medical complications.

19. That Defendant intentionally and/or recklessly failed to disclose this information to Plaintiff, with the intent to deceive Plaintiff and induce her to take said mislabeled prescription, with the intent that Plaintiff would rely on said misrepresentation.

20. At the aforementioned time, and at all relevant times herein, Plaintiff was unaware that her prescription did not contain the correct medication, and in fact justifiably relied on Defendants misrepresentation that the prescription contained 30 1 mg tablets of Alprazolam ER.

21. That such misrepresentation was material to Plaintiff's decision to take the prescription she received from Defendant on October 8, 2015, and Plaintiff would not have done so had she known the prescription contained the wrong medication.

22. That at the aforesaid time, and all times relevant hereto, Plaintiff did not know and could not have known through the exercise of reasonable care that she was exposing herself to the wrong medication, thereby exposing herself to serious medical complications.

23. That Plaintiff's reliance on Defendant's representation was justified because the Defendant was in a special fiduciary relationship with Plaintiff as one of her healthcare providers.

24. That aforesaid conduct of Defendant demonstrates willful and malicious or intentionally fraudulent conduct, which manifest a knowing and reckless indifference toward, and a disregard of, Plaintiff's well-being.

25. As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant CAREMARK PHC, LLC., the

11

Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT VII – BRIDGET CRANTZ v. CAREMARK PHC, LLC.
### Fradulent Misrepresentation Pursuant to the Consumer Fraud and Deceptive Business Practices Act

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

17.     Defendant's actions resulted in fraudulent misrepresentation pursuant to the Consumer Fraud and Deceptive Business Practices Act, codified under 815 ILCS 505.

18.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant CAREMARK PHC, LLC the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

12

## COUNT VIII – BRIDGET CRANTZ v. CAREMARK PHC, LLC.
### Willful and Wanton Misconduct

1-15.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation

contained in the above paragraphs and further alleges:

16.    It was the duty of the Defendant to refrain from willful and wanton misconduct which

endangered the safety and health of the Plaintiff.

17.    Notwithstanding the Defendants' duty to refrain from willful and wanton misconduct,

Defendant acted with an utter indifference and conscious disregard for the safety and health of

Plaintiff in one or more of the following ways:

   a.    Willfully and wantonly made false statements and impressions regarding the
          contents of Plaintiff's prescription;

   b.    Willfully and wantonly committed fraud regarding the safety, expected and
          known health impairments that could result from taking the wrong prescription
          medication; and

   c.    Willfully and wantonly filled the Plaintiff's prescription with the incorrect
          medication.

18.    That the Defendant made said misrepresentations regarding the contents of Plaintiff's

prescription intentionally and with intent to deceive Plaintiff into believing her prescription in

fact contained 30 1 mg tablets of Alprazolam ER, with the intent that Plaintiff would rely on said

misrepresentations.

19.    That Plaintiff did in fact reasonably rely on said misrepresentations, and that such

information was material to Plaintiff's decision to take the mislabeled prescription.

20.    That aforesaid conduct of Defendant demonstrates willful, wanton, malicious and

intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference

toward, and a disregard of, Plaintiff's rights.

13

21.    That at all times material hereto, Plaintiff did not know, and could not have known with the exercise of reasonable care, that she was taking the incorrect medication thus exposing herself to risk of serious harm, due to Defendant's willful, wanton, and fraudulent misrepresentation.

22.    As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions by the Defendant CAREMARK PHC, LLC, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT IX – BRIDGET CRANTZ v. CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC

1.    On and before October 8, 2015, the Plaintiff had a known medical history of severe depression and anxiety.

2.    On or about October 8, 2015, and at all relevant times herein, the Defendant, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, was a domestic limited liability company, licensed to do business and existing under the laws of the State of Illinois.

3.    At the aforesaid time, and all relevant times herein, Defendant, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, controlled, maintained, managed, owned and operated a certain drug store located at 2360 West Indian Trail, City of Aurora, County of Kane, and State of Illinois.

4.    At the aforesaid time, and all relevant times herein, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, sold prescription medication to customers such as the Plaintiff at said store.

5.    At the aforesaid time and place, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC invited and allowed the Plaintiff to purchase her prescription medication from

14

said store.

6.    That on October 8, 2015, Plaintiff had been prescribed Alprazolam ER (extended-release) 1 mg tablet 1 tab 1 time a day.

7.    At the aforesaid time and place, the Defendant, by and through its agents and employees, ostensibly filled the aforesaid prescription, sold it to the Plaintiff, and allowed the Plaintiff to take possession of it.

8.    Unbeknownst to the Plaintiff, the Defendant had filled aforementioned prescription with a mixture of 5 1 mg Alprazolam ER tablets, and 25 quick-release Alprazolam tablets in a bottle labeled Alprazolam ER, with instructions to take 1 tab 1 time a day.

9.    That at the time the mislabeled prescription was sold and provided to the Plaintiff, the Defendant, by and through its agents, knew or should have known that the failure to properly label medication posed an unreasonable risk of harm to its customers including the Plaintiff.

10.    After receiving the prescription, the Plaintiff took the aforesaid prescription medication as instructed on the bottle one tab one time a day for a period of approximately one week.

11.    That at the aforesaid time, the Plaintiff was only taking one tablet of standard quick-release Alprazolam per day, when in reality she needed to be taking one tablet of extended-release Alprazolam per day. Thus, she was insufficiently medicated during this period.

12.    As a direct and proximate result of taking the wrong dosage of her medication for a period of approximately one week as described herein, Plaintiff fell ill, and developed severe anxiety and depression which culminated in her admission to an inpatient mental health ward on October 19, 2015.

13.    At the aforesaid time and place, Defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said

15

duty included, but was not limited to, properly labeling the prescription medication it sells in order to guard against foreseeable injuries to third parties.

14.     At the aforesaid time and place, the Defendant negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts or omissions:

(a)     The Defendant distributed through its agent/employee, improperly labeled medication, which was the proximate cause of injuries to the Plaintiff;

(b)     The Defendant failed to inform the Plaintiff that it had mislabeled her prescription;

(c)     The Defendant failed to warn the Plaintiff of the dangers of failing to take the correct medication as prescribed by her physician;

(d)     The Defendant failed to have sufficient policies and procedures in place to insure the prescription medicine that it sold to the Plaintiff was properly labeled; and/or

(e)     The Defendant failed to follow its policies and procedures regarding labeling of prescription medication;

(f)     The Defendant instituted prescription quotas, and employed untrained pharmacy technicians, causing accuracy and patient health to be sacrificed in favor of cost savings and shorter wait times.

15.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions by the Defendant CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff BRIDGET CRANTZ, demands judgment against Defendant CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, for a sum greater than Fifty Thousand ($50,000.00) Dollars plus costs of this suit.

## COUNT X – BRIDGET CRANTZ v. CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC
### Fraudulent Misrepresentation

1-15.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.    Defendant made false statements, intentionally committed fraud, and conspired to hide the truth regarding the true contents of Plaintiff's prescription, as well as the possible risks and health complications that could arise from taking said mislabeled prescription.

17.    Defendant's knowingly and purposely made false and fraudulent representations, directly or indirectly to Plaintiff including but not limited to the fact that her prescription, filled on October 8, 2015, contained 30 1 mg tablets of Alprazolam ER.

18.    At aforesaid time, and at all times relevant herein, Defendant knew that taking the mislabeled prescription as indicated would result in serious medical complications.

19.    That Defendant intentionally and/or recklessly failed to disclose this information to Plaintiff, with the intent to deceive Plaintiff and induce her to take said mislabeled prescription, with the intent that Plaintiff would rely on said misrepresentation.

20.    At the aforementioned time, and at all relevant times herein, Plaintiff was unaware that her prescription did not contain the correct medication, and in fact justifiably relied on Defendants misrepresentation that the prescription contained 30 1 mg tablets of Alprazolam ER.

21.    That such misrepresentation was material to Plaintiff's decision to take the prescription she received from Defendant on October 8, 2015, and Plaintiff would not have done so had she known the prescription contained the wrong medication.

17

22.     That at the aforesaid time, and all times relevant hereto, Plaintiff did not know and could not have known through the exercise of reasonable care that she was exposing herself to the wrong medication, thereby exposing herself to serious medical complications.

23.     That Plaintiff's reliance on Defendant's representation was justified because the Defendant was in a special fiduciary relationship with Plaintiff as one of her healthcare providers.

24.     That aforesaid conduct of Defendant demonstrates willful and malicious or intentionally fraudulent conduct, which manifest a knowing and reckless indifference toward, and a disregard of, Plaintiff's well-being.

25.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT XI – BRIDGET CRANTZ v. CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC
### Fraudulent Misrepresentation Pursuant to the Consumer Fraud and Deceptive Business Practices Act

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the

18

> use or employment of any practice described in Section 2 of the
> "Uniform Deceptive Trade Practices Act", approved August 5,
> 1965, in the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled, deceived or
> damaged thereby. In construing this section consideration shall be
> given to the interpretations of the Federal Trade Commission and
> the federal courts relating to Section 5 (a) of the Federal Trade
> Commission Act.

17.     Defendant's actions resulted in fraudulent misrepresentation pursuant to the Consumer

Fraud and Deceptive Business Practices Act, codified under 815 ILCS 505.

18.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless,

and/or intentional acts and/or omissions by the Defendant CVS CAREMARK ADVANCED

TECHNOLOGY PHARMACY, LLC the Plaintiff BRIDGET CRANTZ was injured and

suffered damages of a personal, pecuniary, and permanent nature.

## COUNT XII – BRIDGET CRANTZ v. CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC
### Willful and Wanton Misconduct

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation

contained in the above paragraphs and further alleges:

16.     It was the duty of the Defendant to refrain from willful and wanton misconduct which

endangered the safety and health of the Plaintiff.

17.     Notwithstanding the Defendants' duty to refrain from willful and wanton misconduct,

Defendant acted with an utter indifference and conscious disregard for the safety and health of

Plaintiff in one or more of the following ways:

   a.     Willfully and wantonly made false statements and impressions regarding the
          contents of Plaintiff's prescription;

   b.     Willfully and wantonly committed fraud regarding the safety, expected and
          known health impairments that could result from taking the wrong prescription
          medication; and

19

c. Willfully and wantonly filled the Plaintiff's prescription with the incorrect medication.

18. That the Defendant made said misrepresentations regarding the contents of Plaintiff's prescription intentionally and with intent to deceive Plaintiff into believing her prescription in fact contained 30 1 mg tablets of Alprazolam ER, with the intent that Plaintiff would rely on said misrepresentations.

19. That Plaintiff did in fact reasonably rely on said misrepresentations, and that such information was material to Plaintiff's decision to take the mislabeled prescription.

20. That aforesaid conduct of Defendant demonstrates willful, wanton, malicious and intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, Plaintiff's rights.

21. That at all times material hereto, Plaintiff did not know, and could not have known with the exercise of reasonable care, that she was taking the incorrect medication thus exposing herself to risk of serious harm, due to Defendant's willful, wanton, and fraudulent misrepresentation.

22. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions by the Defendant CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT XIII – BRIDGET CRANTZ v. CVS CAREMARK CORPORATION

1. On and before October 8, 2015, the Plaintiff had a known medical history of severe depression and anxiety.

2. On or about October 8, 2015, and at all relevant times herein, the Defendant, CVS

CAREMARK CORPORATION, was a foreign corporation, licensed to do business and existing under the laws of the State of Illinois.

3.      At the aforesaid time, and all relevant times herein, Defendant, CVS CAREMARK CORPORATION, controlled, maintained, managed, owned and operated a certain drug store located at 2360 West Indian Trail, City of Aurora, County of Kane, and State of Illinois.

4.      At the aforesaid time, and all relevant times herein, CVS CAREMARK CORPORATION, sold prescription medication to customers such as the Plaintiff at said store.

5.      At the aforesaid time and place, CVS CAREMARK CORPORATION, invited and allowed the Plaintiff to purchase her prescription medication from said store.

6.      That on October 8, 2015, Plaintiff had been prescribed Alprazolam ER (extended-release) 1 mg tablet 1 tab 1 time a day.

7.      At the aforesaid time and place, the Defendant, by and through its agents and employees, ostensibly filled the aforesaid prescription, sold it to the Plaintiff, and allowed the Plaintiff to take possession of it.

8.      Unbeknownst to the Plaintiff, the Defendant had filled aforementioned prescription with a mixture of 5 1 mg Alprazolam ER tablets, and 25 quick-release Alprazolam tablets in a bottle labeled Alprazolam ER, with instructions to take 1 tab 1 time a day.

9.      That at the time the mislabeled prescription was sold and provided to the Plaintiff, the Defendant, by and through its agents, knew or should have known that the failure to properly label medication posed an unreasonable risk of harm to its customers including the Plaintiff.

10.      After receiving the prescription, the Plaintiff took the aforesaid prescription medication as instructed on the bottle one tab one time a day for a period of approximately one week.

11.      That at the aforesaid time, the Plaintiff was only taking one tablet of standard quick-release

21

Alprazolam per day, when in reality she needed to be taking one tablet of extended-release Alprazolam per day. Thus, she was insufficiently medicated during this period.

12.     As a direct and proximate result of taking the wrong dosage of her medication for a period of approximately one week as described herein, Plaintiff fell ill, and developed severe anxiety and depression which culminated in her admission to an inpatient mental health ward on October 19, 2015.

13.     At the aforesaid time and place, Defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, properly labeling the prescription medication it sells in order to guard against foreseeable injuries to third parties.

14.     At the aforesaid time and place, the Defendant negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts or omissions:

(a)     The Defendant distributed through its agent/employee, improperly labeled medication, which was the proximate cause of injuries to the Plaintiff;

(b)     The Defendant failed to inform the Plaintiff that it had mislabeled her prescription;

(c)     The Defendant failed to warn the Plaintiff of the dangers of failing to take the correct medication as prescribed by her physician;

(d)     The Defendant failed to have sufficient policies and procedures in place to insure the prescription medicine that it sold to the Plaintiff was properly labeled; and/or

(e)     The Defendant failed to follow its policies and procedures regarding labeling of prescription medication;

(f)     The Defendant instituted prescription quotas, and employed untrained pharmacy technicians, causing accuracy and patient health to be sacrificed in favor of cost savings and shorter wait times.

22

15. As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions by the Defendant CVS CAREMARK CORPORATION, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff BRIDGET CRANTZ, demands judgment against Defendant CVS CAREMARK CORPORATION for a sum greater than Fifty Thousand ($50,000.00) Dollars plus costs of this suit.

## COUNT XIV – BRIDGET CRANTZ v. CVS CAREMARK CORPORATION
### Fraudulent Misrepresentation

1-15. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16. Defendant made false statements, intentionally committed fraud, and conspired to hide the truth regarding the true contents of Plaintiff's prescription, as well as the possible risks and health complications that could arise from taking said mislabeled prescription.

17. Defendant's knowingly and purposely made false and fraudulent representations, directly or indirectly to Plaintiff including but not limited to the fact that her prescription, filled on October 8, 2015, contained 30 1 mg tablets of Alprazolam ER.

18. At aforesaid time, and at all times relevant herein, Defendant knew that taking the mislabeled prescription as indicated would result in serious medical complications.

19. That Defendant intentionally and/or recklessly failed to disclose this information to Plaintiff, with the intent to deceive Plaintiff and induce her to take said mislabeled prescription, with the intent that Plaintiff would rely on said misrepresentation.

23

20.     At the aforementioned time, and at all relevant times herein, Plaintiff was unaware that her prescription did not contain the correct medication, and in fact justifiably relied on Defendants misrepresentation that the prescription contained 30 1 mg tablets of Alprazolam ER.

21.     That such misrepresentation was material to Plaintiff's decision to take the prescription she received from Defendant on October 8, 2015, and Plaintiff would not have done so had she known the prescription contained the wrong medication. .

22.     That at the aforesaid time, and all times relevant hereto, Plaintiff did not know and could not have known through the exercise of reasonable care that she was exposing herself to the wrong medication, thereby exposing herself to serious medical complications.

23.     That Plaintiff's reliance on Defendant's representation was justified because the Defendant was in a special fiduciary relationship with Plaintiff as one of her healthcare providers.

24.     That aforesaid conduct of Defendant demonstrates willful and malicious or intentionally fraudulent conduct, which manifest a knowing and reckless indifference toward, and a disregard of, Plaintiff's well-being.

25.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant CVS CAREMARK CORPORATION the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT XV – BRIDGET CRANTZ v. CVS CAREMARK CORPORATION
### Fradulent Misrepresentation Pursuant to the Consumer Fraud and Deceptive Business Practices Act

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

24

16.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

17.     Defendant's actions resulted in fraudulent misrepresentation pursuant to the Consumer Fraud and Deceptive Business Practices Act, codified under 815 ILCS 505.

18.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant CVS CAREMARK CORPORATION the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

### COUNT XVI – BRIDGET CRANTZ v. CVS CAREMARK CORPORATION
#### Willful and Wanton Misconduct

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.     It was the duty of the Defendant to refrain from willful and wanton misconduct which endangered the safety and health of the Plaintiff.

25

17.     Notwithstanding the Defendants' duty to refrain from willful and wanton misconduct,

Defendant acted with an utter indifference and conscious disregard for the safety and health of

Plaintiff in one or more of the following ways:

      a.     Willfully and wantonly made false statements and impressions regarding the
             contents of Plaintiff's prescription;

      b.     Willfully and wantonly committed fraud regarding the safety, expected and
             known health impairments that could result from taking the wrong prescription
             medication; and

      c.     Willfully and wantonly filled the Plaintiff's prescription with the incorrect
             medication.

18.     That the Defendant made said misrepresentations regarding the contents of Plaintiff's

prescription intentionally and with intent to deceive Plaintiff into believing her prescription in

fact contained 30 1 mg tablets of Alprazolam ER, with the intent that Plaintiff would rely on said

misrepresentations.

19.     That Plaintiff did in fact reasonably rely on said misrepresentations, and that such

information was material to Plaintiff's decision to take the mislabeled prescription.

20.     That aforesaid conduct of Defendant demonstrates willful, wanton, malicious and

intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference

toward, and a disregard of, Plaintiff's rights.

21.     That at all times material hereto, Plaintiff did not know, and could not have known with

the exercise of reasonable care, that she was taking the incorrect medication thus exposing

herself to risk of serious harm, due to Defendant's willful, wanton, and fraudulent

misrepresentation.

22.     As a direct and proximate result of one or more of the foregoing willful and wanton acts

and/or omissions by the Defendant CVS CAREMARK CORPORATION, the Plaintiff

BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

### COUNT XVII – BRIDGET CRANTZ v. HIGHLAND PARK CVS, L.L.C.

1.      On and before October 8, 2015, the Plaintiff had a known medical history of severe depression and anxiety.

2.      On or about October 8, 2015, and at all relevant times herein, the Defendant, HIGHLAND PARK CVS, L.L.C., was a domestic limited liability company, licensed to do business and existing under the laws of the State of Illinois.

3.      At the aforesaid time, and all relevant times herein, Defendant, HIGHLAND PARK CVS, L.L.C., controlled, maintained, managed, owned and operated a certain drug store located at 2360 West Indian Trail, City of Aurora, County of Kane, and State of Illinois.

4.      At the aforesaid time, and all relevant times herein, HIGHLAND PARK CVS, L.L.C., sold prescription medication to customers such as the Plaintiff at said store.

5.      At the aforesaid time and place, HIGHLAND PARK CVS, L.L.C., invited and allowed the Plaintiff to purchase her prescription medication from said store.

6.      That on October 8, 2015, Plaintiff had been prescribed Alprazolam ER (extended-release) 1 mg tablet 1 tab 1 time a day.

7.      At the aforesaid time and place, the Defendant, by and through its agents and employees, ostensibly filled the aforesaid prescription, sold it to the Plaintiff, and allowed the Plaintiff to take possession of it.

8.      Unbeknownst to the Plaintiff, the Defendant had filled aforementioned prescription with a mixture of 5 1 mg Alprazolam ER tablets, and 25 quick-release Alprazolam tablets in a bottle labeled Alprazolam ER, with instructions to take 1 tab 1 time a day.

9.     That at the time the mislabeled prescription was sold and provided to the Plaintiff, the Defendant, by and through its agents, knew or should have known that the failure to properly label medication posed an unreasonable risk of harm to its customers including the Plaintiff.

10.     After receiving the prescription, the Plaintiff took the aforesaid prescription medication as instructed on the bottle one tab one time a day for a period of approximately one week.

11.     That at the aforesaid time, the Plaintiff was only taking one tablet of standard quick-release Alprazolam per day, when in reality she needed to be taking one tablet of extended-release Alprazolam per day. Thus, she was insufficiently medicated during this period.

12.     As a direct and proximate result of taking the wrong dosage of her medication for a period of approximately one week as described herein, Plaintiff fell ill, and developed severe anxiety and depression which culminated in her admission to an inpatient mental health ward on October 19, 2015.

13.     At the aforesaid time and place, Defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, properly labeling the prescription medication it sells in order to guard against foreseeable injuries to third parties.

14.     At the aforesaid time and place, the Defendant negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts or omissions:

      (a)     The Defendant distributed through its agent/employee, improperly labeled medication, which was the proximate cause of injuries to the Plaintiff;

      (b)     The Defendant failed to inform the Plaintiff that it had mislabeled her prescription;

28

(c)     The Defendant failed to warn the Plaintiff of the dangers of failing to take the correct medication as prescribed by her physician;

(d)     The Defendant failed to have sufficient policies and procedures in place to insure the prescription medicine that it sold to the Plaintiff was properly labeled; and/or

(e)     The Defendant failed to follow its policies and procedures regarding labeling of prescription medication;

(f)     The Defendant instituted prescription quotas, and employed untrained pharmacy technicians, causing accuracy and patient health to be sacrificed in favor of cost savings and shorter wait times.

15.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions by the Defendant HIGHLAND PARK CVS, L.L.C., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff BRIDGET CRANTZ, demands judgment against Defendant HIGHLAND PARK CVS, L.L.C., for a sum greater than Fifty Thousand ($50,000.00) Dollars plus costs of this suit.

## COUNT XVIII – BRIDGET CRANTZ v. HIGHLAND PARK CVS, L.L.C.
### Fraudulent Misrepresentation

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.    Defendant made false statements, intentionally committed fraud, and conspired to hide the truth regarding the true contents of Plaintiff's prescription, as well as the possible risks and health complications that could arise from taking said mislabeled prescription.

17.    Defendant's knowingly and purposely made false and fraudulent representations, directly or indirectly to Plaintiff including but not limited to the fact that her prescription, filled on October 8, 2015, contained 30 1 mg tablets of Alprazolam ER.

29

18. At aforesaid time, and at all times relevant herein, Defendant knew that taking the mislabeled prescription as indicated would result in serious medical complications.

19. That Defendant intentionally and/or recklessly failed to disclose this information to Plaintiff, with the intent to deceive Plaintiff and induce her to take said mislabeled prescription, with the intent that Plaintiff would rely on said misrepresentation.

20. At the aforementioned time, and at all relevant times herein, Plaintiff was unaware that her prescription did not contain the correct medication, and in fact justifiably relied on Defendants misrepresentation that the prescription contained 30 1 mg tablets of Alprazolam ER.

21. That such misrepresentation was material to Plaintiff's decision to take the prescription she received from Defendant on October 8, 2015, and Plaintiff would not have done so had she known the prescription contained the wrong medication.

22. That at the aforesaid time, and all times relevant hereto, Plaintiff did not know and could not have known through the exercise of reasonable care that she was exposing herself to the wrong medication, thereby exposing herself to serious medical complications.

23. That Plaintiff's reliance on Defendant's representation was justified because the Defendant was in a special fiduciary relationship with Plaintiff as one of her healthcare providers.

24. That aforesaid conduct of Defendant demonstrates willful and malicious or intentionally fraudulent conduct, which manifest a knowing and reckless indifference toward, and a disregard of, Plaintiff's well-being.

25. As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant HIGHLAND PARK CVS, L.L.C., the

Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

### COUNT XIX – BRIDGET CRANTZ v. HIGHLAND PARK CVS, L.L.C., Fradulent Misrepresentation Pursuant to the Consumer Fraud and Deceptive Business Practices Act

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.      The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

17.      Defendant's actions resulted in fraudulent misrepresentation pursuant to the Consumer Fraud and Deceptive Business Practices Act, codified under 815 ILCS 505.

18.      As a direct and proximate result of one or more of the foregoing willful, wanton, reckless, and/or intentional acts and/or omissions by the Defendant HIGHLAND PARK CVS, L.L.C., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

31

## COUNT XX – BRIDGET CRANTZ v. HIGHLAND PARK CVS,.L.L.C.
### Willful and Wanton Misconduct

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation

contained in the above paragraphs and further alleges:

16.   It was the duty of the Defendant to refrain from willful and wanton misconduct which

endangered the safety and health of the Plaintiff.

17.   Notwithstanding the Defendants' duty to refrain from willful and wanton misconduct,

Defendant acted with an utter indifference and conscious disregard for the safety and health of

Plaintiff in one or more of the following ways:

      a.   Willfully and wantonly made false statements and impressions regarding the contents of Plaintiff's prescription;

      b.   Willfully and wantonly committed fraud regarding the safety, expected and known health impairments that could result from taking the wrong prescription medication; and

      c.   Willfully and wantonly filled the Plaintiff's prescription with the incorrect medication.

18.   That the Defendant made said misrepresentations regarding the contents of Plaintiff's

prescription intentionally and with intent to deceive Plaintiff into believing her prescription in

fact contained 30 1 mg tablets of Alprazolam ER, with the intent that Plaintiff would rely on said

misrepresentations.

19.   That Plaintiff did in fact reasonably rely on said misrepresentations, and that such

information was material to Plaintiff's decision to take the mislabeled prescription.

20.   That aforesaid conduct of Defendant demonstrates willful, wanton, malicious and

intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference

toward, and a disregard of, Plaintiff's rights.

32

21.     That at all times material hereto, Plaintiff did not know, and could not have known with the exercise of reasonable care, that she was taking the incorrect medication thus exposing herself to risk of serious harm, due to Defendant's willful, wanton, and fraudulent misrepresentation.

22.     As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions by the Defendant HIGHLAND PARK CVS, L.L.C., the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT XXI – BRIDGET CRANTZ v. CVS HEALTH CORPORATION

1.     On and before October 8, 2015, the Plaintiff had a known medical history of severe depression and anxiety.

2.     On or about October 8, 2015, and at all relevant times herein, the Defendant, CVS HEALTH CORPORATION, was a foreign corporation licensed to do business and existing under the laws of the State of Illinois. (Hereinafter, "CVS HEALTH").

3.     At the aforesaid time, and all relevant times herein, Defendant, CVS HEALTH, controlled, maintained, managed, owned and operated a certain drug store located at 2360 West Indian Trail, City of Aurora, County of Kane, and State of Illinois.

4.     At the aforesaid time, and all relevant times herein, CVS HEALTH, sold prescription medication to customers such as the Plaintiff at said store.

5.     At the aforesaid time and place, CVS HEALTH, invited and allowed the Plaintiff to purchase her prescription medication from said store.

6.     That on October 8, 2015, Plaintiff had been prescribed Alprazolam ER (extended-release) 1 mg tablet 1 tab 1 time a day.

7.     At the aforesaid time and place, the Defendant, by and through its agents and employees,

33

ostensibly filled the aforesaid prescription, sold it to the Plaintiff, and allowed the Plaintiff to take possession of it.

8.      Unbeknownst to the Plaintiff, the Defendant had filled aforementioned prescription with a mixture of 5 1 mg Alprazolam ER tablets, and 25 quick-release Alprazolam tablets in a bottle labeled Alprazolam ER, with instructions to take 1 tab 1 time a day.

9.      That at the time the mislabeled prescription was sold and provided to the Plaintiff, the Defendant, by and through its agents, knew or should have known that the failure to properly label medication posed an unreasonable risk of harm to its customers including the Plaintiff.

10.     After receiving the prescription, the Plaintiff took the aforesaid prescription medication as instructed on the bottle one tab one time a day for a period of approximately one week.

11.     That at the aforesaid time, the Plaintiff was only taking one tablet of standard quick-release Alprazolam per day, when in reality she needed to be taking one tablet of extended-release Alprazolam per day. Thus, she was insufficiently medicated during this period.

12.     As a direct and proximate result of taking the wrong dosage of her medication for a period of approximately one week as described herein, Plaintiff fell ill, and developed severe anxiety and depression which culminated in her admission to an inpatient mental health ward on October 19, 2015.

13.     At the aforesaid time and place, Defendant owed a duty to the Plaintiff, and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, properly labeling the prescription medication it sells in order to guard against foreseeable injuries to third parties.

14.     At the aforesaid time and place, the Defendant negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts

or omissions:

    (a)    The Defendant distributed through its agent/employee, improperly labeled medication, which was the proximate cause of injuries to the Plaintiff;

    (b)    The Defendant failed to inform the Plaintiff that it had mislabeled her prescription;

    (c)    The Defendant failed to warn the Plaintiff of the dangers of failing to take the correct medication as prescribed by her physician;

    (d)    The Defendant failed to have sufficient policies and procedures in place to insure the prescription medicine that it sold to the Plaintiff was properly labeled; and/or

    (e)    The Defendant failed to follow its policies and procedures regarding labeling of prescription medication;

    (f)    The Defendant instituted prescription quotas, and employed untrained pharmacy technicians, causing accuracy and patient health to be sacrificed in favor of cost savings and shorter wait times.

15.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions by the Defendant CVS HEALTH, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

    WHEREFORE, Plaintiff BRIDGET CRANTZ, demands judgment against Defendant CVS HEALTH, for a sum greater than Fifty Thousand ($50,000.00) Dollars plus costs of this suit.

## COUNT XXII – BRIDGET CRANTZ v. CVS HEALTH CORPORATION
### Fraudulent Misrepresentation

1-15.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.    Defendant made false statements, intentionally committed fraud, and conspired to hide the truth regarding the true contents of Plaintiff's prescription, as well as the possible risks and health complications that could arise from taking said mislabeled prescription.

17.    Defendant's knowingly and purposely made false and fraudulent representations, directly or indirectly to Plaintiff including but not limited to the fact that her prescription, filled on October 8, 2015, contained 30 1 mg tablets of Alprazolam ER.

18.    At aforesaid time, and at all times relevant herein, Defendant knew that taking the mislabeled prescription as indicated would result in serious medical complications.

19.    That Defendant intentionally and/or recklessly failed to disclose this information to Plaintiff, with the intent to deceive Plaintiff and induce her to take said mislabeled prescription, with the intent that Plaintiff would rely on said misrepresentation.

20.    At the aforementioned time, and at all relevant times herein, Plaintiff was unaware that her prescription did not contain the correct medication, and in fact justifiably relied on Defendants misrepresentation that the prescription contained 30 1 mg tablets of Alprazolam ER.

21.    That such misrepresentation was material to Plaintiff's decision to take the prescription she received from Defendant on October 8, 2015, and Plaintiff would not have done so had she known the prescription contained the wrong medication.

22.    That at the aforesaid time, and all times relevant hereto, Plaintiff did not know and could not have known through the exercise of reasonable care that she was exposing herself to the wrong medication, thereby exposing herself to serious medical complications.

23.    That Plaintiff's reliance on Defendant's representation was justified because the Defendant was in a special fiduciary relationship with Plaintiff as one of her healthcare providers.

24.    That aforesaid conduct of Defendant demonstrates willful and malicious or intentionally fraudulent conduct, which manifest a knowing and reckless indifference toward, and a disregard of, Plaintiff's well-being.

25.     As a direct and proximate result of one or more of the foregoing willful; wanton, reckless,

and/or intentional acts and/or omissions by the Defendant CVS HEALTH, the Plaintiff

BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent

nature.

### COUNT XXIII – BRIDGET CRANTZ v. CVS HEALTH CORPORATION
### Fradulent Misrepresentation Pursuant to the Consumer Fraud and Deceptive Business Practices Act

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation

contained in the above paragraphs and further alleges:

16.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2

provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of
> any deception fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or omission of
> any material fact, with intent that others rely upon the
> concealment, suppression or omission of such material fact, or the
> use or employment of any practice described in Section 2 of the
> "Uniform Deceptive Trade Practices Act", approved August 5,
> 1965, in the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled, deceived or
> damaged thereby. In construing this section consideration shall be
> given to the interpretations of the Federal Trade Commission and
> the federal courts relating to Section 5 (a) of the Federal Trade
> Commission Act.

17.     Defendant's actions resulted in fraudulent misrepresentation pursuant to the Consumer

Fraud and Deceptive Business Practices Act, codified under 815 ILCS 505.

18.     As a direct and proximate result of one or more of the foregoing willful, wanton, reckless,

and/or intentional acts and/or omissions by the Defendant CVS HEALTH, the Plaintiff

BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.

## COUNT XXIV – BRIDGET CRANTZ v. CVS HEALTH CORPORATION
### Willful and Wanton Misconduct

1-15.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

16.     It was the duty of the Defendant to refrain from willful and wanton misconduct which endangered the safety and health of the Plaintiff.

17.     Notwithstanding the Defendants' duty to refrain from willful and wanton misconduct, Defendant acted with an utter indifference and conscious disregard for the safety and health of Plaintiff in one or more of the following ways:

      a.      Willfully and wantonly made false statements and impressions regarding the contents of Plaintiff's prescription;

      b.      Willfully and wantonly committed fraud regarding the safety, expected and known health impairments that could result from taking the wrong prescription medication; and

      c.      Willfully and wantonly filled the Plaintiff's prescription with the incorrect medication.

18.     That the Defendant made said misrepresentations regarding the contents of Plaintiff's prescription intentionally and with intent to deceive Plaintiff into believing her prescription in fact contained 30 1 mg tablets of Alprazolam ER, with the intent that Plaintiff would rely on said misrepresentations.

19.     That Plaintiff did in fact reasonably rely on said misrepresentations, and that such information was material to Plaintiff's decision to take the mislabeled prescription.

20.     That aforesaid conduct of Defendant demonstrates willful, wanton, malicious and intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, Plaintiff's rights.

21.     That at all times material hereto, Plaintiff did not know, and could not have known with the exercise of reasonable care, that she was taking the incorrect medication thus exposing herself to risk of serious harm, due to Defendant's willful, wanton, and fraudulent misrepresentation.

22.     As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions by the Defendant CVS HEALTH, the Plaintiff BRIDGET CRANTZ was injured and suffered damages of a personal, pecuniary, and permanent nature.


                                                        _____
                                                        **Attorney for Plaintiff**



**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak
Attorney for Plaintiff
741 North Dearborn Street
Chicago, Illinois 60654
(312) 482-8200

                                    39

RM0069:JKV:gvs                .   . Atty. No. 41535

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | |
| Liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HIGHLAND PARK CVS, LLC, a domestic | ) | |
| Limited liability company, and CVS HEALTH | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | Return Date: |
| Defendants. | ) | |

## 735 ILCS 5/2-622 AFFIDAVIT CONCERNING CVS PHARMACY, INC.

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Doctor licensed to practice medicine in all of its branches whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Defendant CVS PHARMACY, INC.

Further Affiant Sayeth Not.

I, John K. Vrdolyak, attorney for Plaintiff, BRIDGET CRANTZ, state and certify under

penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil

Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as

to matters therein stated to be on information and belief and as to such matters, the undersigned

certifies as aforesaid that I verily believe the same to be true.

John K. Vrdolyak

**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak, 41535
741 N. Dearborn Street
Chicago, IL 60654
(312) 482-8200

Subscribed and Sworn to before me on this
_29th_ day of _December_ 2017

Notary Public

ROSA CONTRERAS
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 22, 2020

RM0069:JKV:gvs                                                              · · Atty. No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | |
| Liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HIGHLAND PARK CVS, LLC, a domestic | ) | |
| Limited liability company, and CVS HEALTH | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | Return Date: |
| Defendants. | ) | |

### 735 ILCS 5/2-622 AFFIDAVIT CONCERNING CAREMARK PHC, LLC

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Doctor licensed to practice medicine in all of its branches whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Defendant CAREMARK PHC, LLC.

Further Affiant Sayeth Not.

I, John K. Vrdolyak, attorney for Plaintiff, BRIDGET CRANTZ, state and certify under

penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil

Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as

to matters therein stated to be on information and belief and as to such matters, the undersigned

certifies as aforesaid that I verily believe the same to be true.

John K. Vrdolyak

**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak, 41535
741 N. Dearborn Street
Chicago, IL 60654
(312) 482-8200

Subscribed and Sworn to before me on this

_29th_ day of _December_ 2017

Notary Public

ROSA CONTRERAS
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 22, 2020

RM0069:JKV:gvs                                        · · Atty. No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | |
| Liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HIGHLAND PARK CVS, LLC, a domestic | ) | |
| Limited liability company, and CVS HEALTH | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | Return Date: |
| Defendants. | ) | |

## 735 ILCS 5/2-622 AFFIDAVIT CONCERNING CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Doctor licensed to practice medicine in all of its branches whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Defendant CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC.

Further Affiant Sayeth Not.

I, John K. Vrdolyak, attorney for Plaintiff, BRIDGET CRANTZ, state and certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

John K. Vrdolyak

**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak, 41535
741 N. Dearborn Street
Chicago, IL 60654
(312) 482-8200

Subscribed and Sworn to before me on this
_29th_ day of _December_ 2017

Notary Public

ROSA CONTRERAS
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 22, 2020

RM0069:JKV:gvs                            Atty. No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | |
| Liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HIGHLAND PARK CVS, LLC, a domestic | ) | |
| Limited liability company, and CVS HEALTH | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | Return Date: |
| Defendants. | ) | |

### 735 ILCS 5/2-622 AFFIDAVIT CONCERNING CVS CAREMARK CORPORATION

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Doctor licensed to practice medicine in all of its branches whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Defendant CVS CAREMARK CORPORATION.

Further Affiant Sayeth Not.

I, John K. Vrdolyak, attorney for Plaintiff, BRIDGET CRANTZ, state and certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
John K. Vrdolyak

**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak, 41535
741 N. Dearborn Street
Chicago, IL 60654
(312) 482-8200

Subscribed and Sworn to before me on this
_____ day of _December_ 2017

_____
Notary Public

ROSA CONTRERAS
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 22, 2020

RM0069:JKV:gvs                                 Atty. No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | |
| Liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HIGHLAND PARK CVS, LLC, a domestic | ) | |
| Limited liability company, and CVS HEALTH | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | Return Date: |
| Defendants. | ) | |

## 735 ILCS 5/2-622 AFFIDAVIT CONCERNING HIGHLAND PARK CVS, LLC

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Doctor licensed to practice medicine in all of its branches whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Defendant HIGHLAND PARK CVS, LLC.

Further Affiant Sayeth Not.

I, John K. Vrdolyak, attorney for Plaintiff, BRIDGET CRANTZ, state and certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that I verily believe the same to be true.

John K. Vrdolyak

**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak, 41535
741 N. Dearborn Street
Chicago, IL 60654
(312) 482-8200

Subscribed and Sworn to before me on this
_____ day of _December_ 2017

_____
Notary Public

ROSA CONTRERAS
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 22, 2020

RM0069:JKV:gvs                                              ·      · Atty. No. 41535

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRIDGET CRANTZ, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Amount Claimed: Greater than |
| | ) | $50,000.00 plus costs of this suit. |
| CVS PHARMACY, INC., a foreign | ) | |
| corporation, CAREMARK PHC, LLC, a | ) | |
| foreign limited liability company, CVS | ) | |
| CAREMARK ADVANCED TECHNOLOGY | ) | |
| PHARMACY, LLC, a domestic limited | ) | |
| Liability company, CVS CAREMARK | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HIGHLAND PARK CVS, LLC, a domestic | ) | |
| Limited liability company, and CVS HEALTH | ) | |
| CORPORATION, a foreign corporation, | ) | |
| | ) | Return Date: |
| Defendants. | ) | |

## 735 ILCS 5/2-622 AFFIDAVIT CONCERNING CVS HEALTH CORPORATION

This affidavit is prepared pursuant to 735 ILCS 5/2-622.

Affiant has consulted with a Doctor licensed to practice medicine in all of its branches whom affiant reasonably believes is knowledgeable in the relevant issues involved in this case and who has practiced in this area of health care within the last six years, and is qualified by experience and has demonstrated competence in the subject of the case.

The reviewing board certified physician has determined in a written report attached hereto and made a part hereof, after a review of the medical record and relevant facts of this case, that there is a reasonable and meritorious cause for the filing of this action.

Affiant concludes, on the basis of the reviewing board certified physician's review and consultation, that there is a reasonable and meritorious cause for filing this action against Defendant CVS HEALTH CORPORATION.

Further Affiant Sayeth Not.

I, John K. Vrdolyak, attorney for Plaintiff, BRIDGET CRANTZ, state and certify under

penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil

Procedure, that the statements set forth in the foregoing Affidavit are true and correct, except as

to matters therein stated to be on information and belief and as to such matters, the undersigned

certifies as aforesaid that I verily believe the same to be true.

John K. Vrdolyak

**THE VRDOLYAK LAW GROUP, LLC.**
BY: John K. Vrdolyak, 41535
741 N. Dearborn Street
Chicago, IL 60654
(312) 482-8200

Subscribed and Sworn to before me on this
29th day of December 2017

Notary Public

ROSA CONTRERAS
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 22, 2020

## REPORT OF REVIEWING HEALTH CARE PROFESSIONAL REGARDING CVS PHARMACY, INC., CAREMARK PHC, LLC, CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, CVS CAREMARK CORPORATION, HIGHLAND PARK CVS, LLC, AND CVS HEALTH CORPORATION

Following a review of Bridget Crantz (minor) medical records, pharmacy records and collected relevant case related material involved in this particular action there exists reasonable and meritorious causes for filing a cause of action against CVS Pharmacy, Inc., Caremark PHC, LLC, CVS Caremark Advanced Technology Pharmacy, LLC, CVS Caremark Corporation, Highland Park CVS, LLC, and CVS Health Corporation involved in this case regarding Bridget Crantz.

I am an Illinois licensed pharmacist with multiple fellowships and diplomate status designation coupled with multiple medical college professorship appointments.

**Case Summary**

The facts of this case (Bridget Crantz – minor) describe an appropriate and legally written prescription for Alprazolam extended-release (EIZ) as 1 mg. extended-release tablets with the directions to take one tablet every morning. The prescribing physician was Dr. Pauke Christine Gewarh. RX No. C491894 Store No. 1161 in Aurora, Illinois. The FDA approved indication for this extended-release dosage form is panic disorder and requires once daily dosing. This Alprazolam ER1 long acting dosage form provided once daily dosing in the morning at home without nursing visits at school and an uninterrupted class routine.

On or about October 8, 2015 the father (Dan Crantz) of Bridget Crantz (minor) presented the Alprazolam ER 1mg prescription at the CVS Pharmacy and to the CVS Pharmacist staff to be evaluated and filled. The pharmacist intentionally and negligently filled the prescription in part with 5 Alprazolam ER and the balance (about 25 tablets) separated by cotton pledged with an immediate release dosage form of Alprazolam. Alprazolam is a schedule IV controlled substance. The prescription plastic vial containing the two different dosage forms of Alprazolam was mislabeled as only containing Alprazolam ER 1mg. This intentional and negligent act of misrepresentation dispensing these two controlled substances was not then disclosed verbally or in writing and without knowledge, awareness or supervision or consultation to the prescriber (prescribing clinician) or the father and or patient.

**My Opinions**

The patient's specific response to using this intentionally, negligently misbranded dosage form of immediate release Alprazolam precipitated significant detrimental alterations in her personal and emotional wellbeing including enhanced anxiety, exacerbation of depression episodes coupled with suicidal ideation culminating in subsequent in-patient hospitalizations requiring treatment of these events on October 19, 2015 at adolescent mental health ward of Presence Provena Mercy Hospital.

The hospital staff revelated the misbranded Alprazolam ER event with CVS of two different dosage forms of Alprazolam intentionally and negligently dispensed. CVS pharmacist and staff admitted to this dispensing of two different dosage forms to the Provence staff. The records reflected the CVS pharmacist stated that the ER Alprazolam 1 mg and the immediate release dosage form of Alprazolam are basically the same drug with little or no difference.

The willful, intentional, negligent pharmacist dispensing of this misbranded Alprazolam reached a climax in a cascade of events (emotional, academic, personal, hospitalization) to the minor Bridget Crantz.

The CVS pharmacist usual standard of care for this patient/father requires no such independent intentional, negligent, misbranding of Alprazolam ER. The requisite offer of consulting was absent with this prescription. This dispensing was in violation of Federal and State laws governing pharmacy and pharmacist. The prescribing physician and patient/father were not notified, contacted, consulted or evaluated for such a singular non-therapeutic act. This pharmacist activity in this case breached the standard of care.

As a result of this intentional, negligent misbranding of this controlled substance medication (Alprazolam ER) there exist a just and meritorious cause for filing these causes of action against all of those pharmacist and pharmacy personnel who engaged in this drug product selection interchange activity of interpretation, implementation, filling and monitoring evaluation and processing this Alprazolam ER prescription, drug order, with an absence of pharmacist care and did not dispense the medication prescription drug orders as written reflecting the intent of the prescribing physician.

I specifically reserve the right to add to, amend, or subtract from this report as new evidence comes into discovery or as new opinions are formed.